## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KRUG | : | |
| TYLER KRUG | : | |
| ANGELINA KRUG | : | |
| PLAINTIFF | : | NO._____ |
| | : | |
| V. | : | CIVIL ACTION |
| | : | |
| WILLIAM JENKINS | : | JURY TRIAL DEMANDED |
| DEFENDANT | : | |

### COMPLAINT

AND NOW, comes Plaintiff, by and through his Counsel, Comerford Law, who files this Complaint, averring as follows:

1. This action is brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights secured under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction over Plaintiffs' § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

3. Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391 because the factual basis for all claims stated herein occurred in the Middle District of Pennsylvania and because Plaintiffs and Defendant reside in and/or maintain their principal places of business in the Middle District.

### The Parties

4. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

5.  Plaintiffs are James Krug, Tyler Krug, and Angelina Krug, who are all residents of Pennsylvania, residing within the Middle District of Pennsylvania.

6.  Plaintiffs Tyler Krug and Angelina Krug are the children of Plaintiff James Krug.

7.  Defendant William Jenkins ("Defendant Jenkins") is a Pennsylvania State Police Trooper employed by the Commonwealth of Pennsylvania stationed in the Middle District of Pennsylvania. At all times relevant to this Complaint, Defendant Jenkins was acting under color of state law in his capacity as a Pennsylvania State Trooper. Defendant Jenkins is being sued in his individual capacity.

## The Facts

8.  All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

9.  Plaintiff James Krug resides with his wife and two children in Pike County, Pennsylvania.

10. Plaintiff James Krug's children – Plaintiffs Tyler and Angelina Krug – attend school at Wallenpaupack High School.

11. On or about March 28, 2023, Plaintiff James Krug's children were accused of stealing another student's sneakers at school.

12. This allegation was untrue.

13. Regardless of the truth of the allegation, Defendant Jenkins went to the school to investigate the alleged incident.

14. As Defendant Jenkins was leaving the school, Plaintiff James Krug was arriving at the school to discuss the matter with school staff.

15. Defendant Jenkins and Plaintiff James Krug inadvertently crossed paths without knowing while leaving and arriving at the school.

16. While Plaintiff James Krug was in the school discussing the matter with staff, Defendant Jenkins went to a flower shop, owned by Plaintiff James Krug and his wife, where Plaintiff's wife was working.

17. There, Plaintiff James Krug's wife told Defendant Jenkins that she was very busy with a time-sensitive project and could not speak with him.

18. Plaintiff James Krug's wife directed Defendant Jenkins to go to the school and speak with Plaintiff regarding the situation.

19. Defendant Jenkins ultimately left after continuing to threaten and/or harass Plaintiff James Krug's wife.

20. Defendant Jenkins then proceeded back to the school.

21. Plaintiff James Krug was still there but had essentially resolved the issue with the shoes with school administration.

22. Prior to Defendant Jenkins returning to the school, Plaintiff James Krug made a complaint about Defendant Jenkins' behavior with his wife.

23. After a brief conversation in which Defendant Jenkins continued to harass Plaintiffs, Defendant Jenkins, without any cause whatsoever, placed Plaintiff James Krug under arrest.

24. Defendant Jenkins claimed Plaintiff James Krug threatened him; Plaintiff James Krug had not done so. As no threat was made, there was no cause for arrest.

25. Plaintiff James Krug had a preexisting shoulder injury which prevented him from fully placing his hands behind his back.

26. Therefore, Plaintiff James Krug asked Defendant Jenkins to be double cuffed to prevent further injury and warned Defendant Jenkins that injury would occur if he continued.

27. Defendant Jenkins refused to accommodate Plaintiff James Krug and forced his arms behind his back, causing severe injury to Plaintiff's shoulder which rendered him incapable to work and requiring surgical intervention.

3

28. Defendant Jenkins then "perp walked" Plaintiff James Krug through school grounds, with Plaintiff's sobbing children, Plaintiffs Tyler Krug and Angelina Krug, following along, in front of all of the friends of Tyler and Angelina.

29. Defendant Jenkins loaded Plaintiff James Krug into his vehicle and again refused to accommodate to protect his shoulder.

30. Plaintiff James Krug asked to be cuffed in the front for the ride so that sitting on his arms behind his back did not cause further injury.

31. Defendant Jenkins refused.

32. This injury would not have occurred but for the unlawful arrest.

33. Defendant Jenkins took Plaintiff James Krug to the State Police Barracks, held him, and charged him with criminal offenses including Harassment, Disorderly Conduct, and Defiant Trespass.

34. Interestingly, no Terroristic Threat charge was made despite the fact that this was the alleged basis for the arrest.

35. Those criminal charges were ultimately dismissed in their totality because no probable cause existed.

36. Defendant Jenkins knew at all times that there was no probable cause to charge Plaintiff James Krug with any criminal offense.

37. Defendant Jenkins acted with malice, evidenced by both his harassment of Plaintiffs as well as the complete and utter lack of any reasonable basis for arrest.

38. All of Defendant Jenkins's conduct herein was willful and wanton.

39. Plaintiff Tyler Krug had to drop out of school and attend a new school as a result of the trauma caused by Defendant Jenkins.

40. Both Plaintiff Tyler Krug and Angelina Krug suffered fear, humiliation,

and anxiety as a result of Defendant Jenkins' actions.

41. These Plaintiffs suffered physical manifestations of their distress including, but not limited to, inability to sleep and panic attacks.

42. Plaintiffs James Krug suffered damages including, but not limited to:

    a.  Emotional pain and suffering;

    b.  Physical Pain and Suffering;

    c.  Lost wages and employment;

    d.  Embarrassment and humiliation;

    e.  Reputational harm; and

    f.  Incurred costs from defending criminal charges.

**Count I:**
**42 U.S.C. § 1983: False Arrest**
**Plaintiff James Krug v. Defendant Jenkins**

43. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

44. Defendant Jenkins deprived Plaintiff of his rights to be free from false arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendant Jenkins was deliberately indifferent to Plaintiff's aforementioned rights.

    WHEREFORE, Plaintiff demands judgment in his favor against Defendant Jenkins and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

## Count II:
## 42 U.S.C. § 1983: Malicious Prosecution
## Plaintiff James Krug v. Defendant
## Jenkins

46. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

47. Defendant Jenkins deprived Plaintiff of his rights to be free from malicious prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

48. Defendant Jenkins was deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Jenkins and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

## Count III:
## 42 U.S.C. § 1983: Unlawful Seizure
## Plaintiff James Krug v. Defendant Jenkins

49. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

50. Defendant Jenkins deprived Plaintiff of his rights to be free from malicious prosecution and false arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendant Jenkins was deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Jenkins and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

**Count IV:**
**42 U.S.C. § 1983: Excessive Force**
**Plaintiff James Krug v. Defendant Jenkins**

52. All averments – both preceding and following this paragraph -- in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

53. Defendant Jenkins deprived Plaintiff of his rights to be free from excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

54. Defendant Jenkins was deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Jenkins and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

**Count V:**
**42 U.S.C. § 1983: Retaliation**
**Plaintiff James Krug v. Defendant Jenkins**

55. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

56. Defendant Jenkins deprived Plaintiff of his rights to be free from retaliation for exercising his free speech rights under the First and Fourteenth Amendments to the United States Constitution.

57. Specifically, Defendant Jenkins's arrest was done purposely with the intent of retaliating against Plaintiff for the complaint Plaintiff made against him.

58. Defendant Jenkins was deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Jenkins and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

**Count VI**
**Supplemental State Law Claim for Malicious Prosecution**
**Plaintiff James Krug v. Defendant Jenkins**

59. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

60. Defendant Jenkins instituted criminal charges against Plaintiff without probable cause, and these charges were dismissed.

61. The actions by Defendant Jenkins were willful, wanton, and intentional.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Jenkins and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

**Count VII**
**Supplemental State Law Claim for Assault**
**Plaintiff James Krug v. Defendant Jenkins**

62. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

63. Defendant Jenkins intended to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with his body.

64. As a result of Defendant Jenkins's actions, Plaintiff was put in reasonable and immediate apprehension of harmful and/or offensive conduct.

65. As a result of Defendant Jenkins's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Jenkins and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

## Count VIII
## Supplemental State Law Claim for Battery
## Plaintiff James Krug v. Defendant Jenkins

66. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

67. Defendant Jenkins contacted Plaintiff in a harmful and offensive manner resulting in injury and/or damages to Plaintiff.

68. Defendant Jenkins committed acts upon Plaintiff which impinged on his sense of physical dignity and/or inviolability.

69. As a result of Defendant Jenkins's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Jenkins and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

## Count IX
## Supplemental State Law Claim for Intentional Infliction
## of Emotional Distress
## Plaintiffs v. Defendant Jenkins

70. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

71. Defendant Jenkins intentionally arrested and "perp walked" Plaintiff James Krug at his children's high school, in front of his children and their classmates and teachers, without probable cause and with the intention of causing emotional distress to Plaintiffs.

72. This conduct was extreme, outrageous, willful, and wanton.

73. This conduct caused Plaintiffs to suffer extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendant Jenkins and seek compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

Respectfully Submitted

COMERFORD LAW

Matthew Comerford, Esquire

Curt M. Parkins, Esquire
Attorneys for Plaintiffs
538 Biden Street, Suite 430
Scranton, PA 18503
570-880-0777
matt@comerford.law
curt@comerford.law